IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD G. BERNARD, JR. : | |
| : | |
| Plaintiff, : | Civil Action No.: 03 CV 531 |
| : | |
| v. : | |
| : | |
| CALHOON MEBA ENGINEERING SCHOOL : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Jean D. Meta, Esquire
Bar No.: 15569
Law Office of Jean D. Meta
133 Defense Highway, Suite 111
Annapolis, Maryland 21401
Telephone: (410) 224-0755
Facsimile: (410) 224-7079

Attorney for Plaintiff

Dated: March 5, 2004

## PRELIMINARY STATEMENT

Plaintiff, Edward G. Bernard, Jr., by and through his attorney, Jean D. Meta, submits this Supplemental Memorandum, pursuant to the Court's Memorandum to Counsel, dated February 26, 2004, which directs the parties to provide additional argument regarding the reasonableness of the Equal Employment Opportunity and Anti-Harassment Policy ("EEO Policy") instituted by Calhoon MEBA Engineering School, ("CMES") and whether or not the policy places and unreasonable burden on employees who seek to report harassment or discrimination in the workplace.

In this Supplemental Memorandum, Plaintiff will show (1) that the reporting procedure outlined in Defendant's EEO Policy is unreasonable and burdensome on employees and (2) the policy is burdensome because it requires seeking out and reporting harassment and discrimination to high-level officials instead of an immediate supervisor.

## ARGUMENT

**A.     The Reporting Procedure in Defendant's EEO Policy is Unreasonable.**

**1.     The EEO Policy is Unreasonable.**

Any anti-harassment policy an employer adopts must be "both reasonably designed and reasonably effectual." Brown v. Perry, 184 F.3d 388, 396 (4th Cir. 1999). The only way to rebut this proof is to show that the "employer adopted or administered an anti-harassment policy in bad faith or that the policy was otherwise defective or dysfunctional." Brown, 184 F.3d at 396 (quoting Faragher, 524 U.S. at 808).

The anti-harassment policy at issue in the present case is inadequate and defective because it does not provide for accessible points of contact for the reporting of harassment or discrimination. EEOC Enforcement Guidance 915.002 (V)(C)(1)(c). *See* Wilson v. Tulsa Junior College, 164 F.3d 534, 541 (10th Cir. 1998) (complaint process defective where director was inaccessible due to hours of duty and location in a separate facility).

Specifically the EEO Policy requires that Mr. Bernard report complaints of discrimination and harassment to the Director of the School, Ms. Joyce Matthews, or the Human Resources Manager, Ms. Dawn Trumps. These officials have considerable obligations and neither is responsible exclusively for addressing human resources issues at CMES. As Director of the School, Ms. Matthews must oversee and manage all daily operations. She reports directly to the administrator of MEBA Benefits Plans and the Board of Trustees, a daunting task to say the least. (Trumps Depo. p. 10).

As Human Resources Manager, Ms. Trumps is not on-site at the CMES on a daily basis. In fact, she is not even an employee of CMES. Instead, Ms. Trumps is an employee of the MEBA Benefits Plans, an umbrella organization working in conjunction with the MEBA Union. (Trumps Depo. p. 5). Ms. Trumps' principal office is located in Baltimore, Maryland. (Trumps Depo. p. 5). She travels to the CMES in Easton, Maryland about once a month to provide human resources support to a "staff of approximately 60 employees." (Trumps Depo. p. 8).

It is worth noting that the CMES anti-harassment policy does not contain any information about the Equal Employment Opportunity Commission (EEOC). Agency guidelines recommend that all personnel policies include the time frames for filing charges of unlawful harassment with

- 3 -

the EEOC or state fair employment practice agencies and explain EEOC deadlines. EEOC Enforcement Guidance 915.002 (V)(C)(1)(c).

    **2.**    **The Reporting Procedure Outlined in Defendant's EEO Policy Places an Undue Burden on Mr. Bernard by Forcing Him to Seek Out and Report Harassment and Discrimination to High-Level Officials Instead of His Immediate Supervisor.**

In the present action, the Defendant's reporting policy places an onerous burden on the Plaintiff by requiring that he seek out and report harassment and discrimination to high-level officials at the CMES.

As discussed above, Ms. Trumps is not available on-site on a daily basis and visits CMES approximately "once a month." Ms. Trumps' lack availability places the onus Mr. Bernard to seek out Ms. Matthews for assistance with matters involving low-level employees at CMES.

Counsel for CMES points to the fact that Mr. Bernard was comfortable referring to Ms. Matthews and Ms. Trumps by their first names during his deposition testimony as proof that he was not intimidated by them and; therefore, was not burdened by the reporting policy. Counsel fails to understand that the burden of reporting is not intimidation. Rather, the burden is the lack of accessibility to proper authorities who can assist him in resolving his concerns.

When Mr. Bernard wanted to speak with Ms. Trumps about harassment or discrimination issue, he was forced to wait until a day when Ms. Trumps was on-site and accessible. On at least one occasion, Mr. Bernard had to wait a few weeks until Ms. Trumps and Ms. Matthews were onsite together. (Trumps. Depo. p. 69). By drafting a policy that prohibits Mr. Bernard from reporting a complaint to an immediate supervisor, Mr. Bernard is not being afforded prompt and effective assistance in resolving his concerns.

- 5 -

It is worth noting that none of the supervisors at CMES has formalized training to deal effectively with personnel complaints, including complaints of discrimination or harassment. (Trumps Depo. p. 37). According to Ms. Trumps, formalized training has been prepared but it has not been delivered to the group. (Trumps Depo. pp. 36-40).

If the supervisors are not trained to effectively deal with discrimination and harassment in the workplace and the high-level officials are not always immediately available, Mr. Bernard is not provided with an adequate venue in which to deal with his concerns, regardless of the language stated in the EEOC Policy.

## **CONCLUSION**

Plaintiff, Edward G. Bernard, Jr., has demonstrated that the EEO Policy in place at CMES is unreasonable and burdensome because it requires Mr. Bernard to report complaints of harassment and discrimination to high-level officials that are not routinely accessible or available to address onsite issues concerning employee relations. For these reasons, and for those stated in Plaintiff's previously filed Response in Opposition to Defendant's Motion for Summary Judgment, Defendant's Motion for Summary Judgment should be denied.

- 6 -

                Respectfully submitted,

*/s/ Jean D. Meta*
Jean D. Meta, Esquire
Bar No.: 15569
Law Office of Jean D. Meta
133 Defense Highway, Suite 111
Annapolis, Maryland 21401
Telephone: (410) 224-0755
Facsimile: (410) 224-7079

Attorney for Plaintiff