UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

---

**EDWARD G. BERNARD, JR.,**

        Plaintiff,

v.

**CALHOON MEBA ENGINEERING SCHOOL,**

        Defendant.

Case No. 1:03-CV-0531-AMD

---

### MOTION REQUESTING ORAL ARGUMENT ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE TWO-PAGE REBUTTALS TO THE SUPPLEMENTAL MEMORANDA SUBMITTED ON MARCH 5, 2004

Dated: Washington, D.C.
       March 22, 2004

BEINS, AXELROD, KRAFT, GLEASON & GIBSON, P.C.
   Barbara Kraft, Esq.
   1717 Massachusetts Avenue, N.W., Suite 704
   Washington, D.C. 20036-2001
   Attorneys for Defendant
   Telephone:  (202) 328-7222
   Facsimile:  (202) 328-7030
   Attorneys for Defendant
   CALHOON MEBA ENGINEERING SCHOOL

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
   Neal I. Korval, Esq.
   Jonathan A. Wexler, Esq.
   805 Third Avenue
   New York, New York  10022
   Telephone: (212) 407-7700
   Facsimile:  (212) 407-7799
   Attorneys for Defendant
   CALHOON MEBA ENGINEERING SCHOOL

NEWYORK/#131612.1

Defendant, Calhoon MEBA Engineering School ("CMES"or "Defendant") respectfully moves the Court to hear oral argument on CMES's pending Motion for Summary Judgment before ruling on that Motion;  in the alternative, Defendant requests that the Court permit the parties to submit two-page rebuttals to the Supplemental Memoranda submitted on March 5, 2004, in response to the Court's Memorandum to Counsel dated February 26, 2004.  We have diligently attempted to contact counsel for Plaintiff in order to learn whether Plaintiff will join or oppose this Motion, but we have not had a response from counsel.

The grounds for this Motion are as follows:

1.   Although there are no disputed material facts barring the Motion for Summary Judgment, there are differing interpretations of some matters of record, as is evident from the Court's Memorandum to Counsel and the Supplemental Memoranda submitted by the parties.  We believe that the Court's resolution of the Motion for Summary Judgment will be assisted by a discussion of these matters by counsel.

2.   Although the Court did not anticipate rebuttals by the parties to one another's Supplemental Memoranda, it is evident that Plaintiff  was able to review Defendant's Supplemental Memorandum before submitting his Supplemental Memorandum, and to provide a partial rebuttal in his Supplemental Memorandum.  On page 4 of Plaintiff's Supplemental Memorandum, the following appears:  "Counsel for CMES points to the fact that Mr. Bernard was comfortable referring to Ms. Matthews and Ms. Trumps by their first names during his deposition testimony. . . ."   This argument was made by CMES's counsel only in Defendant's Supplemental Memorandum.  As Plaintiff has had the opportunity to rebut at least one of Defendant's arguments, fairness would suggest that Defendant have that opportunity as well.

3. Defendant is eager to address at least two incorrect factual assertions found in Plaintiff's Supplemental Memorandum: (A) that "the EEO Policy <u>requires</u> that Mr. Bernard report complaints of discrimination and harassment to the Director of the School . . .or the Human Resources Manager" (Pl. Supp. p. 3, emphasis added) and that the Policy "<u>prohibits</u> Mr. Bernard from reporting a complaint to an immediate supervisor" (Pl. Supp. p. 4, emphasis added); we contend that nothing in the Policy prohibited Mr. Bernard from doing exactly what he did, which was to complain to his immediate supervisor, who in turn addressed the situation and followed the policy by reporting the matter to the Human Resources Manager. (B) That the Director and the Human Resources Manager were remote or inaccessible because the Director had managerial duties and the Human Resources Manager traveled to CMES only about once a month (Pl. Supp. p. 4); we contend that the evidence shows that both the Director and Human Resources Manager were readily available.

4. Oral argument seems to be the most effective way of allowing such rebuttal, and would, of course, permit Plaintiff to seek to rebut other points made in Defendant's Supplemental Memorandum that Plaintiff did not address in his Supplemental Memorandum either because of time or space limitations.

5. In the alternative, the Court's deliberations would be assisted if the parties were permitted to submit brief (two page) written rebuttals to one another's Supplemental Memoranda.

Dated: Washington, D.C.  
       March 22, 2004

Respectfully submitted,

BEINS, AXELROD, KRAFT, GLEASON & GIBSON, P.C.

By: _____  
    Barbara Kraft, Esq.  
    1717 Massachusetts Avenue, N.W., Suite 704  
    Washington, D.C. 20036-2001  
    Telephone: (202) 328-7222  
    Fax: (202) 328-7030  
    Attorneys for Defendant  
    CALHOON MEBA ENGINEERING SCHOOL

VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.

By: _____  
    Neal I. Korval, Esq.  
    Jonathan A. Wexler, Esq.  
    805 Third Avenue  
    New York, New York 10022  
    Telephone: (212) 407-7700  
    Facsimile: (212) 407-7799  
    Attorneys for Defendant  
    CALHOON MEBA ENGINEERING SCHOOL